**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

JUAN ABERDIN, JOSE DIAZ §
CABALLERO, ALFONSO §
AVELLANEDA CHABARRIETE, §
EMILIO GARCIA CHAVEZ, RUBEN §
CANTU HERNANDEZ, MIGUEL §
ANGEL GARCIA JUAREZ, ALVARO §
VARRON MARTINEZ and ARIEL § NO: 5:24-CV-00174
HUGO FUENTES MORALES, §
    Plaintiffs, §
 §
VS. §
 §
 §
THE GEO GROUP, INC., §
    Defendant. §

<u>**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN ABERDIN, JOSE DIAZ CABALLERO, ALFONSO AVELLANEDA CHABARRIETE, EMILIO GARCIA CHAVEZ, RUBEN CANTU HERNANDEZ, MIGUEL ANGEL GARCIA JUAREZ, ALVARO BARRON MARTINEZ and ARIEL HUGO FUENTES MORALES, (collectively "Plaintiffs") Plaintiffs in the above styled and numbered cause, and files this Reply to Defendant's Response to Plaintiff's motion to compel, showing the Court as follows:

<u>SHOW CAUSE – REQUEST FOR LEAVE TO FILE LATE REPLY</u>

1. As an initial matter, counsel for Plaintiffs apologizes to the Court for the delay in filing this reply, as the Court previously set the deadline for March 23, 2026 to file this reply. **Dkt 18**. Another attorney in Plaintiffs' counsel's office has been out on medical leave since February 19, 2026 for a major medical procedure, and Plaintiffs' counsel has

had to cover for several of the ailing attorrney's hearings, a mediation, and has also been tasked with drafting additional motions and briefs on one particular file for the ailing attorney prior to her departure for medical leave—all in addition to Plaintiffs' counsel's own files. Additionally, Plaintiffs' counsel was out of town last week from March 16 through March 19. Upon returning to the office, Plaintiff's counsel was occupied with responding to accumulated correspondence, voicemails, and time-sensitive matters across both his and the ailing attorney's caseloads.

2.      Plaintiffs' counsel mistakenly overlooked the deadline set in his calendar for the reply on this particular case, as it was crowded with other deadlines and reminders set for that day on Plaintiffs' counsel's own files and the ailing attorney's files. Plaintiff's counsel requests leave of court to extend the deadline to file this reply to today—March 24, 2026. Plaintiffs' failure to file a reply yesterday was not the result of conscious indifference to this Court's order, but rather an extraordinary and temporary convergence of professional obligations, out-of-town travel, and the resulting backlog of work upon Plaintiff's counsel's return. The ailing attorney has not yet returned from medical leave, and Plaintiffs' counsel continues to cover her workload while she's out of the office.

<u>STATUS OF DOCUMENT PRODUCTION</u>

3.      Subsequent to Plaintiffs' motion to compel (**Dkt 14**), Defendant served documents which satisfied the issues regarding the requested floorplan and the Post Order for the Housing Security Officer. Accordingly, those two items are now moot and the only remaining issue briefed in Plaintiffs' motion to compel and Defendant's response are the photographs of the prisoners who assaulted Plaintiffs. Plaintiffs submit a brief

reply to Defendants' request that those only be produced under an Attorney Eyes Only ("AEO") arrangement below.

<u>PLAINTIFFS' REPLY TO DEFENDANT'S REQUEST FOR AEO PRODUCTION</u>

4.    Defendant frames its need for AEO production of the photographs at issue by describing the Plaintiffs as being "identified as members of a criminal security threat group, or gang." **Dkt 16, pg. 2.** Defendant states this as if it is an established or undisputed fact, stating that "[t]he basis of their claim in this case is that Defendant negligently housed them with members of a rival gang, and the rival gang members assaulted the Plaintiffs." **Dkt 16, pg. 2**.

5.    This framing mischaracterizes Plaintiffs' pleadings as if Plaintiffs admit that they are gang members. On the contrary, Plaintiffs discuss in their pleadings that "[o]n the morning of August 19, 2023, the screening officer on duty assigned each Plaintiff to the "Paisa" group, which is a group of Mexican nationals and other Hispanics from Mexico, central and South America who are not affiliated to any other domestic Hispanic gangs. **Dkt 1, pg 20**. They also state that it is "well known that non-gang affiliated Hispanics who are classified as 'Paisa' must never be placed in the same housing units where domestic Hispanic gang members have been classified and placed, because the domestic gang members will immediately attack and attempt to kill or maim the 'Paisa' classified Hispanics." **Dkt 1, pg. 20**. In short, Defendant's factual predicate that Plaintiffs are gang members is disputed and unsupported by any conclusive evidence attached to Defendant's response. This Court has already entered a Standard Protective Order to protect confidential information sufficient to govern release of the withheld information. **Dkt 12**.

6.      Under Rule 26(c), the party seeking a protective order must show "good cause", meaning that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Fed. R. Civ. P. 26(c); *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The mere conclusory assertion that Plaintiffs are gang members without corroborating evidence fails to meet this standard, particularly where Plaintiffs deny gang membership.

7.      To prove the relevance of a party's membership in an organization or group, one must show (1) proof of the group's violent and illegal activities and (2) the party's membership in the organization. *Tamez v. Director, TDCJ-CID*, 550 F.Supp.2d 639, 655 (E.D. Tex. 2008). Defendant has not shown this Court evidence of (1) whether Piasas constitute a group which conducts "violent and illegal activities", and (2) Plaintiffs' membership in a gang conducting those activities. Additionally, a conclusory allegation that "great harm" will result from dissemination of the requested documents, without more, does not support the request for a protective order with "a particular and specific demonstration of fact." *Gutierrez v. Bernavides*, 292 F.R.D. 401, 404 (S.D. Tex. 2013). Defendant has not demonstrated how they are at any security risk by producing the requested information, or at least has not provided any evidence of the alleged risk.

8.      AEO designations represent the most restrictive form of protective order and are usually utilized in litigation involving competitors seeking to shield proprietary business information and trade secrets from a business adversary. *Gerffert Co., Inc. v. Dean*, 2012 WL 2054243, at *5 (E.D.N.Y. June 6, 2012) (noting that the purpose of AEO designations "is generally to protect one party from injury—usually injury to the party's

business—that might occur if the information is revealed to the party's competitor."). This case does not involve litigation between business competitors. It's a prison negligence case, and application of the AEO framework—particularly without evidence to support Defendant's allegations of a security risk and Plaintiffs' alleged gang affiliation—would be unusual here. Additionally, it would fundamentally impair Plaintiffs' ability to assist counsel in preparation for trial by confirming the identity of the prisoners who assaulted them, provide context, and participate meaningfully in the prosecution of this case. Plaintiffs request this court to deny Defendant's request to order the documents produced under an AEO arrangement.

CONCLUSION

For the reasons stated above, Plaintiffs request that this Court grant this motion to compel, and deny Defendant's request for a protective order designating documents as Attorney Eyes Only.

Respectfully submitted,

LAW OFFICE OF
FRANCISCO J. RODRIGUEZ
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone No.: (956) 687-4363
Telecopier No.: (956) 687-6415


BY:___*/s/ Jared A. Clark*_____
        Jared A. Clark
        State Bar No. 24101626
        Federal No. 3050519
        jared.clark@mcallenlawfirm.com
        Francisco J. Rodriguez
        State Bar No. 17145800
        Federal No. 3083
        frankr@mcallenlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on opposing counsel via the court's CM/ECF electronic service system on March 24, 2026.

*/s/ Jared A. Clark*
JARED A. CLARK